11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth McLEAN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5132.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1993.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined Nov. 22, 1993.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Kenneth McLean appeals from an order of the United States Court of Federal Claims dismissing for lack of subject matter jurisdiction his complaint for damages arising out of alleged improper rejections of various petitions to the United States Supreme Court. We affirm.
 
 DISCUSSION
 
 2
 Mr. McLean filed suit in the Court of Federal Claims on March 11, 1993, demanding judgment of $90,000,000, plus costs, against the United States. The basis for the complaint appeared to be that Mr. McLean suffered injury when various petitions to the Supreme Court were rejected by the Court. Mr. McLean's complaint was dismissed for lack of jurisdiction.
 
 
 3
 The sole issue on appeal is whether the Court of Federal Claims has jurisdiction to entertain a monetary claim against the United States arising from judicial and ministerial acts of the Supreme Court. We conclude that there is no such jurisdiction.
 
 
 4
 Federal courts are of limited jurisdiction. As such, they are empowered to hear only those cases that are within the judicial power of the United States, as defined in the Constitution, and that have been entrusted to them by a jurisdictional grant from Congress. See 28 U.S.C. Sec. 1491(a)(1). Mr. McLean has cited no basis for any court, let alone the Court of Federal Claims, to hear claims arising from ministerial and judicial actions of the Supreme Court.
 
 
 5
 Mr. McLean also seeks recovery on what appears to be a tort theory. The Court of Federal Claims has no jurisdiction over tort claims, however. Williamson v. United States, 166 Ct.Cl. 239, 244-45 (1964); see also 28 U.S.C. Sec. 1491(a)(1).